UNITED STATES BANKRUPTCY COURT    NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
In re:                                                   :    Chapter 7
                                                         :
Anthony Bruno, Jr.,                                      :    Case No. 22-10822 (JLG)
                                                         :
          Debtor.                                        :
                                                         :
-------------------------------------------------------- x
                                                         :
Deborah J. Piazza, as Chapter 7 Trustee of              :
Anthony Bruno, Jr.,                                      :
                                                         :
          Plaintiff,                                     :
                                                         :
          v.                                             :    Adv. P. No. 23-01001 (JLG)
                                                         :
Anthony Bruno, Jr.,                                      :
                                                         :
          Defendant.                                     :
                                                         :
-------------------------------------------------------- x
```

### MEMORANDUM DECISION RESOLVING THE CHAPTER 7 TRUSTEE'S MOTION FOR DEFAULT JUDGEMENT DENYING DISCHARGE

**A P P E A R A N C E S :**

TARTER KRINSKY & DROGIN LLP
*Proposed Counsel to Deborah J. Piazza, Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
By: Jill Makower, Esq.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction

Deborah J. Piazza is the chapter 7 trustee (the "Trustee") of the estate of Anthony J. Bruno, a chapter 7 debtor herein (the "Debtor"). She commenced this adversary proceeding by filing a complaint (the "Complaint")[1] seeking a judgment denying the Debtor his discharge in bankruptcy under subsections 727(a)(2), (a)(3), (a)(4)(A), (a)(4)(D), and (a)(5) of the Bankruptcy Code. The Debtor failed to file an answer, or otherwise respond to the Complaint. The Clerk of the Court has docketed an Entry of Default under the Complaint against the Debtor. The matter before the Court is the Trustee's motion (the "Motion")[2] pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Rule 55")[3] and the relevant portions of section 727(a) of the Bankruptcy Code for the entry of a default judgment against the Debtor denying his discharge in bankruptcy. The Debtor did not respond to the Motion.

The Complaint asserts five Claims for Relief. The Debtor's default in responding to the Complaint is not per se grounds for entering a judgment against him under those claims. The default is merely an admission of the well-pleaded allegations in support of the claims. The Court will not enter a default judgment against the Debtor unless it finds that those allegations are sufficient to state grounds for relief against the Debtor. As set forth below, the Court finds that, taken as true, the allegations in support of the Complaint's Second and Fourth Claims for Relief,

---

[1]   *Chapter 7 Trustee's Complaint Objecting to the Debtor's Discharge Pursuant to 11 U.S.C. § 727*, AP ECF No. 1. Citations to "AP ECF No. __" refer to documents filed in this adversary proceeding (Adv. Pro. 23-01001). Citations to "ECF No. __" refer to documents filed in the main case (No. 22-10822).

[2]   *Trustee's Motion for Default Judgment Denying Discharge.* AP ECF No. 8.

[3]   Rule 55 is made applicable herein by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

establish grounds to deny the Debtor's discharge, as a matter of law, under subsections 727(a)(3) and (a)(4)(D) of the Bankruptcy Code, respectively. Accordingly, the Court grants the Trustee default judgments against the Debtor under the Second and Fourth Claims for Relief. The Court denies the Trustee's request for default judgments under the First, Third, and Fifth Claims for Relief, as the Trustee has failed to allege facts demonstrating grounds to deny the Debtor's discharge under subsections 727(a)(2), (a)(4)(A) and (a)(5) of the Bankruptcy Code, respectively.

## **Jurisdiction**

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## **Background**

On June 20, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition") in this Court.[4] On June 21, 2022, Ms. Piazza was appointed as the interim trustee of the Debtor's estate and subsequently qualified as permanent Trustee.[5] The Debtor annexed his schedules of assets and liabilities (the "Schedules") and Statement of Financial Affairs ("SOFA") to his Petition.[6] In the SOFA, the Debtor disclosed that he was a sole proprietor or self-employed. SOFA at 6. He also disclosed that he had an interest in a rubbish removal business, Anthony Rubbish Removal, Inc. ("ARR, Inc."), which operated from December 13, 2004, until January 7, 2022. SOFA at 7. At the section 341 meeting of

---

[4]   *Voluntary Petition for Individuals Filing Bankruptcy*, ECF No. 1.

[5]   *See* Docket Entry for June 21, 2022, *In re Bruno,* No. 22-10822.

[6]   The Schedules and SOFA are attached to the Petition at pages 8-29 and 30-37, respectively.

creditors (the "341 Meeting"), the Debtor testified that he was the sole owner of ARR, Inc., and

that he closed the business in January 2022, without attempting to sell it. Complaint ¶ 11. At the

341 Meeting, the Trustee asked the Debtor to produce ARR, Inc.'s books and records for the three

years prior to the shutdown of that business. *Id.* By letter dated October 24, 2022, the Trustee's

accountant requested that the Debtor produce numerous documents, including, without limitation,

ARR, Inc.'s books and records, documents relating to all of the Debtor's businesses and interests

in businesses, as well as the Debtor's personal bank statements and canceled checks for three years

prior to the Petition Date (the "Requested Documents").[7] Trustee's counsel made follow-up

requests for the Requested Documents on October 31, 2022, November 2, 2022, November 4,

2022, November 28, 2022, December 21, 2022, and December 27, 2022. Complaint ¶ 14.

Debtor's counsel reported to the Trustee that he advised the Debtor of the Trustee's various

requests for the Requested Documents. On December 21, 2022, Debtor's counsel purportedly

advised Trustee's counsel that "[m]y office spoke to the [D]ebtor. He said he has nothing to give

to the [T]rustee." Complaint ¶ 15. As of the date of the Motion, the Debtor has not produced any

of the Requested Documents to the Trustee. *Id.* ¶ 16.

---

[7]   The Requested Documents consist of documents that relate to the following items:

(i)      All vehicles owned or leased by the Debtor in the last 3 years and current status.
(ii)     All of the Debtor's businesses and interests in businesses.
(iii)    The identity of Brian P. Hughes and his relationship with Debtor.
(iv)     Personal bank statements/canceled checks for 3 years prior to the Petition Date.
(v)      Business bank statements for 3 years prior to the Petition Date, except those already provided.
(vi)     Documents reflecting the use of withdrawals ($9900) from Chase account ending in 5869.
(vii)    Copies of credit card statements for the last 3 years.
(viii)   Business tax returns for 3 years prior to the Petition Date, except those already provided.
(ix)     Copy of Insurance policies with Progressive.
(x)      The source of tax-exempt interest income on a 2020 personal tax return.

Complaint, Ex. 1 at 2.

On January 10, 2023, the Trustee commenced this adversary proceeding by filing the Complaint. On January 13, 2023, the Clerk of the Court issued a summons (the "Summons").[8] That same day, the Trustee caused the Summons and Complaint to be served upon the Debtor and Debtor's counsel.[9] The Debtor did not answer or otherwise respond to the Complaint. On February 27, 2023, the Trustee filed an affirmation in support of her request for the issuance of a Certificate of Default.[10] On February 28, 2023, the Clerk of the Court docketed an Entry of Default.[11] On March 2, 2023, the Clerk of the Court docketed a certificate of mailing of the Entry of Default to the Debtor.[12] On April 7, 2023, the Trustee filed the Motion. On April 12, 2023, the Trustee docketed an affidavit of service of the Motion.[13] On April 25, 2023, the Court heard argument on the Motion. The Debtor did not appear at the hearing or otherwise respond to the Motion.

### Legal Standard

Rule 55 governs the entry of a default judgment. The rule "provides a 'two-step process' for the entry of a judgment against a party that fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to

---

[8]   *Summons and Notice of Pre-Trial Conference in an Adversary Proceeding*, AP ECF No. 2.

[9]   *Declaration of Service*, AP ECF No. 3.

[10]  *Affirmation Pursuant to Fed. R. Bankr. P. 7055, Fed. R. Civ. P. 55(a) and Local Bankruptcy Rule 7055-1 in Support of Trustee's Request for Issuance of Certificate of Default*, AP ECF No. 4.

[11]  *Entry of Default*, AP ECF No. 5.

[12]  *Certificate of Notice*, AP ECF No. 6.

[13]  *Declaration of Service*, AP ECF No. 9.

defend the action, admitted liability to the plaintiff." *Id.* "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment." *Id.* As noted, on February 28, 2023, the Clerk entered the default herein. The Trustee's claim is not for a sum certain, as she is seeking to deny the Debtor's discharge in bankruptcy. Accordingly, Rule 55(b)(2) is applicable herein. *See* Fed. R. Civ. P. 55(b)(2); *see also Coated Fabrics Co. v. Mirle Corp.*, No. 06-5415, 2008 WL 163598, at *4 (E.D.N.Y. Jan. 16, 2008) ("Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party.").

"[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004). For that reason, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Accordingly, "the court may . . . enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam); *see also Jackson v. Corr. Corp.*, 564 F. Supp. 2d 22, 26–27 (D.D.C. 2008) ("[A] default is . . . merely an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." (quoting *Natures Way Marine LLC v. North America Materials, Inc.*, No. 08-0005, 2008 WL 801702, *2 (S.D. Ala. Mar. 24, 2008))). "[T]he plaintiff is entitled to a default judgment only if the complaint states a claim for relief." *Id.* at 27 (quoting *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005)). However, "facts which are not established by the pleadings . . . ,

or claims which are not well-pleaded, are not binding and cannot support the [default] judgment." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

Default judgments "are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 272, 276 (5th Cir. 1989) (observing that default judgment is a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations"). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron*, 10 F.3d at 95; *see also Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 865 (2d Cir. BAP 1997) ("The authority to grant and vacate a default judgment is within the broad discretion of the trial court; yet, default judgments are generally disfavored, and cases should be tried on their merits whenever possible."); *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) ("The decision whether to enter default judgment is committed to the district court's discretion").

## Discussion

"One of the central purposes of the Bankruptcy Code and the privilege of discharge is to allow the 'honest but unfortunate debtor' to begin a new life free from debt." *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 463 F.3d 229, 234 (2d Cir. 2006) (quoting *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)). To that end, section 727(a) states that the Court "shall grant the debtor a discharge" unless one or more of the exceptions enumerated in the statute apply. 11 U.S.C. § 727(a). A denial of discharge under § 727 is an extreme penalty, and challenges to a debtor's discharge "must be construed strictly against those who object to the debtor's discharge and 'liberally in favor of the bankrupt.'" *In re Cacioli*, 463 F.3d at 234 (quoting *State Bank of India*

*v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996)); *Berger & Assocs. Att'ys, P.C. v. Kran (In re Kran)*, 760 F.3d 206, 210-11 (2d Cir. 2014) (describing denial of discharge as an "extreme penalty"); *Tese-Milner v. Moon (In re Moon)*, 385 B.R. 541, 559 (Bankr. S.D.N.Y. 2008) ("The Second Circuit has cautioned that revocation of a debtor's discharge is an 'extreme penalty,' and that the provisions of the Bankruptcy Code dealing with a debtor's discharge should be 'construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt.'" (quoting *In re Chalasani*, 92 F.3d at 1310)).

Section 727(c) grants the Trustee standing to object to the Debtor's discharge.  11 U.S.C. § 727(c).  In the Complaint, the Trustee asserts that there are five grounds under section 727(a) for denying the Debtor a discharge, as follows:

> First Claim for Relief – challenges Debtor's discharge under section 727(a)(2),
>
> Second Claim for Relief – challenges Debtor's discharge under section 727(a)(3),
>
> Third Claim for Relief – challenges Debtor's discharge under section 727(a)(4)(A),
>
> Fourth Claim for Relief – challenges Debtor's discharge under section 727(a)(4)(D), and
>
> Fifth Claim for Relief – challenges Debtor's discharge under section 727(a)(5).

The "burden of persuasion" rests with the Trustee to show by a preponderance of the evidence that the Debtor is not entitled to a discharge, and "the burden of production will shift once the objecting party has shown a violation of a court order."  *Pereira v. Gardner (In re Gardner)*, 384 B.R. 654, 662 (Bankr. S.D.N.Y. 2008); *Cadle Co. v. Jacobowitz (In re Jacobowitz)*, 296 B.R. 666, 670 (Bankr. S.D.N.Y. 2003).  However, as set forth above, in assessing the merits of the Motion, the Court does not consider the merits of the Complaint.  Rather, the Court focuses on the adequacy of the pleadings in support of the Complaint.

Below, the Court reviews each Claim for Relief.

First Claim for Relief – Section 727(a)(2)

Pursuant to section 727(a)(2), a court will deny a debtor a discharge if –

the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2).

The purpose of this provision is "to prevent the discharge of a debtor who attempts to avoid payment to creditors by concealing or otherwise disposing of assets." 6 Collier on Bankruptcy ¶ 727.02 (16th ed. 2021). "To prove a § 727(a)(2) violation, a creditor must show 'an act (i.e. [,] a transfer or a concealment of property) and an improper intent (i.e., a subjective intent to hinder, delay, or defraud a creditor),' and 'the party seeking to bar discharge must prove that *both* of these components were present during the one-year period before bankruptcy.'" *Republic Credit Corp. v. Boyer (In re Boyer)*, 328 F. App'x 711, 714 (2d Cir. 2009) (summary order) (alteration in original) (quoting *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir.1993)). A court may find the requisite intent through either: (1) direct or explicit proof, or, (2) a preponderance of circumstantial evidence of a debtor's illicit intent, commonly known as the "badges of fraud." *Id.* (quoting *Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1582-83 (2d Cir. 1983)).

To state a claim for relief under section 727(a)(2)(A), the Trustee must allege facts demonstrating that the Debtor, (i) with intent to hinder, delay or defraud his creditors (ii) has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred,

removed, destroyed, mutilated, or concealed, (iii) the property of the debtor (iv) within one year before the Petition Date. *See Mazer-Marino v. Levi (In re Levi)*, 581 B.R. 733, 744 (Bankr. S.D.N.Y. 2017); *McCarthey Inv. LLC v. Shah (In re Shah)*, No. 08-1762, 2010 WL 2010824, at *7 (Bankr. S.D.N.Y. May 13, 2010), *Long v. Green (In re Green)*, No. 06-9086, 2007 WL 1428547, at *4 (Bankr. S.D.N.Y. May 11, 2007). The only difference in the elements of a claim under section 727(a)(2)(B), is that the Trustee must allege facts demonstrating that the removal, destruction, mutilation, or concealment of the Debtor's property occurred after the Petition Date. *In re Levi*, 581 B.R. at 744.

In support of the First Claim for Relief, the Trustee alleges that the Debtor was the sole owner of ARR, Inc., that he closed the business on January 7, 2022, without attempting to sell it, and that he has failed to comply with the Trustee's requests that he produce ARR, Inc.'s books and records for the three years prior to the Debtor's closing of that business. Complaint ¶¶ 9-15. On that basis, the Trustee alleges that by reason of the Debtor's failure to turn over the Requested Documents –

> [she] believes the Debtor, with intent to hinder, delay, or defraud a creditor or the Trustee, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed — (A) property of the Debtor, within one year before the [Petition] Date; or (B) property of the estate, after the [Petition] Date.

*Id*. ¶ 20.

The Trustee does not identify specific property of the Debtor that the Debtor allegedly transferred, removed, destroyed, or mutilated, or permitted to be transferred, removed, destroyed, or mutilated either before or after the Petition Date. A debtor "conceals" some "property of the debtor" for purposes of § 727(a)(2) by either placing it beyond the reach of its creditors or proffering false or misleading answers regarding such property. *Gardiners Bay Landscape &*

*Design, Inc. v. Postiglione (In re Postiglione)*, No. 17-8012, 2019 WL 2590946, at *7 (Bankr.
E.D.N.Y. June 24, 2019) (citing *Marine Midland Bank v. Portnoy (In re Portnoy)*, 201 B.R. 685,
694-95 (Bankr. S.D.N.Y. 1996)). The Trustee does not allege facts demonstrating the Debtor
concealed his property or permitted his property to be concealed either before or after the Petition
Date. Finally, whether a debtor acts with "actual intent to hinder, delay or defraud" is a
fact-specific inquiry. *In re Levi*, 581 B.R. at 745. The Trustee has alleged no facts demonstrating
that the Debtor acted with the intent to hinder, delay, or defraud his creditors.

Taken as true, the allegations in the Complaint in support of the First Claim for Relief do
not establish grounds to deny Debtor's discharge under section 727(a)(2). The Trustee has not met
her burden for a default judgment on the First Claim for Relief in the Complaint.

Second Claim for Relief – Section 727(a)(3)

Pursuant to section 727(a)(3), a court shall deny a discharge when, "the debtor has
concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information,
including books, documents, records, and papers, from which the debtor's financial condition or
business transactions might be ascertained, unless such act or failure to act was justified under all
of the circumstances of the case." 11 U.S.C. § 727(a)(3). "The purpose and intent of [§ 727(a)(3)]
of the Bankruptcy Act is to make the privilege of discharge dependent on a true presentation of
the debtor's financial affairs." *In re Cacioli*, 463 F.3d at 234 (alteration in original) (quoting *In re
Underhill*, 82 F.2d 258, 260 (2d Cir. 1936)); *see also O'Hearn v. Gormally (In re Gormally)*, 550
B.R. 27, 55 (Bankr. S.D.N.Y. 2016) ("The fundamental policy underlying § 727(a)(3) is to insure
that the trustee and the creditors receive sufficient information to enable them to trace the debtor's
financial history, to ascertain the debtor's financial condition, and to reconstruct the debtor's
business transactions." (quoting *State Bank of India v. Sethi (In re Sethi)*, 250 B.R. 831, 837-38

(Bankr. E.D.N.Y. 2000))).    Accordingly, to make a threshold showing that a court should bar a

debtor's discharge under section 727(a)(3), the party objecting to discharge must demonstrate:

"(1) that the debtor failed to keep or preserve adequate records; and (2) 'that such failure makes it

impossible to ascertain the debtor's financial condition and material business transactions.'"    *In re*

*Jacobowitz*, 309 B.R. at 436 (quoting *Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d Cir. 1992)).

The objecting party is not required to demonstrate that, in failing to produce its records, the debtor

intended to hide its financial condition.    *See Stillwater Liquidating LLC v. Gray (In re Gray)*,

No. 14-2235, 2016 WL 1039559, at *3 (Bankr. S.D.N.Y. Mar. 15, 2016) ("The plaintiff is not

required to establish that the debtor intended to conceal or destroy financial information."); *Aspire*

*Fed. Credit Union v. Robinson (In re Robinson)*, 595 B.R. 148, 161 (Bankr. S.D.N.Y. 2019)

("Intent to defraud is not an element of Section 727(a)(3).").    Although section 727(a)(3) focuses

on records relating to the debtor's personal financial affairs, its failure to keep adequate financial

records regarding the business transactions of a closely held corporation that are necessary to

determine its personal financial affairs may result in the denial of a discharge.    *Beach Lane Mgmt.,*

*Inc. v. White (In re White)*, No. 13–01108, 2015 WL 9274771, at *3 (Bankr. S.D.N.Y. Dec. 18,

2015) (collecting cases).

In support of the Second Claim for Relief, the Trustee alleges that the Debtor was the sole

owner of ARR, Inc., that he closed the business on January 7, 2022, without attempting to sell it,

and that he has failed to produce the Requested Documents.    Complaint ¶¶ 9-15.    The Trustee

asserts that

> [g]iven the Debtor's failure to produce the Requested Documents, as requested by
> the Trustee on numerous occasions, upon information and belief, the Debtor has
> concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded
> information, including books, documents, records and papers from which the
> Debtor's financial condition or business transactions might be ascertained, and such
> conduct was not justified.

Complaint ¶ 23.  The Debtor's failure to produce any documentation to the Trustee is grounds under section 727(a)(3) to deny Debtor's discharge in bankruptcy.  *See In re Gormally*, 550 B.R. at 55 ("If a debtor fails to produce records, sufficient to meet the burden placed upon him by [Section] 727(a)(3), the Court must deny the discharge." (quoting *Ng v. Adler*, 518 B.R. 228, 241 (E.D.N.Y. 2016) (alteration in original))); *In re Jacobowitz*, 296 B.R. at 671 ("Courts have held that a debtor's absence of records is justification for denial of discharge."); *Agai v. Antoniou (In re Antoniou)*, 527 B.R. 71, 81 (Bankr. E.D.N.Y. 2015) (Section 727(a)(3) "places an affirmative duty on the debtor to create books and records accurately documenting his financial affairs" (quoting *In re Self*, 325 B.R. 224, 241 (Bankr. N.D. Ill. 2005))); *Ochs v. Nemes (In re Nemes)*, 323 B.R. 316, 325 (Bankr. E.D.N.Y. 2005) ("While bank statements and credit card receipts or monthly statements may be simple records, they 'form the core' of what [is necessary] to ascertain [the Debtor's] financial condition, primarily his use of cash assets." (quoting *The Cadle Co. v. Terrell*, 2002 WL 22075, at *5 (N.D. Tex. Jan. 7, 2002) (alterations in original), *aff'd*, 46 F. App'x. 731 (5th Cir. 2002))).

The Trustee has met her burden for a default judgment on the Second Claim for Relief in the Complaint pursuant to section 727(a)(3) of the Bankruptcy Code.

Third Claim for Relief – Section 727(a)(4)(A)

In the Third Claim for Relief, the Trustee alleges that, in violation of section 727(a)(4)(A), the Debtor lied in his Schedules and SOFA. In support of that claim, the Trustee alleges that in his SOFA, the Debtor represented that (i) he was a sole proprietor or self-employed, (ii) he had an interest in ARR, Inc., and (iii) ARR, Inc. operated from December 3, 2004, through January 7, 2022. Complaint ¶¶ 9-10.  The Complaint is silent with respect to the Schedules.  The Trustee concedes that the Debtor's testimony at the 341 Meeting with respect to his business was consistent

with the information contained in the SOFA, *see* Complaint ¶ 11, but complains that the Debtor has failed to produce any of the Requested Documents.  Complaint ¶ 13-15.  On that basis, the Trustee alleges that "upon information and belief," the Debtor (i) made false oaths in his Schedules and SOFA, including but not limited to failing to disclose transfers and property interests of the Debtor owned as of the Filing Date, and failing to disclose personal assets including funds received from sales of ARR, Inc.'s business assets; and (ii) "knowingly and fraudulently" made his false statements in his Schedules and SOFA. Complaint ¶¶ 26-27.

To state a claim for relief under section 727(a)(4)(A), the Trustee must allege facts demonstrating that the Debtor (i) made a statement under oath; (ii) the statement was false; (iii) he knew the statement was false; (iv) he made the statement with fraudulent intent; and (v) the statement related materially to the bankruptcy case. *Baron v. Klutchko (In re Klutchko)*, 338 B.R. 554, 567 (Bankr. S.D.N.Y. 2005).

Section 727(a)(4)(A) requires an objector to plead and prove that the debtor "knowingly and fraudulently" made a false oath or account.  The mere failure to list assets does not support an objection to discharge.  Objections to discharge based on section 727(a)(4)(A) sound in fraud and must comply with the special pleading requirements contained in Rule 9(b) of the Federal Rules of Civil Procedure.[14]  *See In re Meffert*, 232 B.R. 71, 74 (Bankr. S.D.N.Y. 1998) (collecting cases). A pleader cannot allege fraud based upon information and belief unless the facts are peculiarly within the opposing party's knowledge, and even then, the pleader must allege the facts upon which his belief is based.  *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d at 664;

---

[14]    Rule 9(b) is made applicable herein by Bankruptcy Rule 7009.  Rule 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).

*Schlick v. Penn–Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir.1974), *cert. denied*, 421 U.S. 976 (1975); *Segal v. Gordon,* 467 F.2d 602, 608 (2d Cir. 1972).  Moreover, "[t]he party objecting to a discharge based on the omission of information in a sworn statement must show that the information was omitted for the specific purpose of perpetrating a fraud and not simply because the debtor was careless or failed to fully understand an attorney's instructions."  *In re Levi*, 581 B.R. at 746 (citing *Moreo v. Rossi (In re Moreo)*, 437 B.R. 40, 62 (E.D.N.Y. 2010)).  A false oath must relate to a material matter in order to justify the denial of a discharge.  *In re Boyer*, 328 F. App'x at 715.  A false statement or omission is material if it "bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property."  *Gordon v. Tese-Milner (In re Gordon)*, 535 B.R. 531, 538 (S.D.N.Y. 2015) (quoting *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984) (per curiam)).

The Trustee has failed to state a claim for relief under section 727(a)(4)(A) of the Bankruptcy Code.  The Trustee alleges that Debtor submitted two sworn statements—the Schedules and SOFA.  However, none of the facts alleged in support of the Complaint demonstrate that the facts alleged therein are false, or that the Debtor omitted facts from those statements at all, let alone for the specific purpose of perpetrating a fraud on his creditors, or that she has a reasonable basis for believing that the Debtor's actions run afoul of section 727(a)(4)(A).  Taken as true, the allegations in support of the Third Claim for Relief do not establish grounds to deny the Debtor's discharge under section 727(a)(4)(A) of the Bankruptcy Code.  The Trustee has not met her burden for a default judgment under the Third Claim for Relief.

Fourth Claim for Relief –Section 727(a)(4)(D)

Section 727(a)(4)(D) states that a debtor will be denied a discharge in bankruptcy if it "knowingly and fraudulently, in or in connection with the case . . . withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." 11 U.S.C. § 727(a)(4)(D). This subsection imposes an "affirmative duty on the debtor to cooperate with the trustee 'by providing all requested documents to the trustee for his review, and failure to do so constitutes grounds for denial of discharge.'" *In re Gardner*, 384 B.R. at 668 (quoting *Thaler v. Erdheim (In re Erdheim)*, 197 B.R. 23, 28 (Bankr. E.D.N.Y. 1996) (holding that the debtor failed to fulfill the duty to cooperate when the trustee was forced to seek production from third parties of documents the debtor had available to him)). The subsection also requires a finding of intent. Such intent "must be actual, as distinguished from constructive, intent." *Gold v. Guttman (In re Guttman)*, 237 B.R. 643, 647 (Bankr. E.D. Mich. 1999). In *In re Young*, the court summarized that "[c]ourts have found the requisite intent to act 'knowingly and fraudulently' was present where the debtor's conduct was evasive or persistently uncooperative" and, in contrast, "have found that the requisite intent to act 'knowingly and fraudulently' was absent where the records were unavailable through no fault of the debtor." *In re Young*, 346 B.R. 597, 615 (Bankr. E.D.N.Y. 2006).

To state a claim for relief under section 727(a)(4)(D), the Trustee must allege facts demonstrating that that (i) the Debtor knowingly and fraudulently, (ii) withheld from the Trustee any recorded information, including books, documents, records, and papers relating to the Debtor's property or financial affairs, (iii) in or in connection with the Debtor's own case. 11 U.S.C. § 727(a)(4)(D). In support of the claim, the Trustee focuses her allegations on the Debtor's failure

to comply with the Trustee's requests that he produce the Requested Documents, including ARR, Inc.'s books and records for the three years prior to the closure of that business.  Complaint ¶¶ 9-15.  On that basis, she asserts that the Court should deny the Debtor a discharge under section 727(a)(4)(D) because

> [t]he Debtor, both knowingly and fraudulently, in or in connection with the Debtor's Case, withheld from the Trustee recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs, including the Requested Documents, to which the Trustee, under the Bankruptcy Code, is entitled to possession.

Complaint ¶ 31.  The Court finds that those allegations, taken as true, establish grounds for denying the Debtor's discharge under Section 727(a)(4)(D).  *See In re Gardner*, 384 B.R. at 668 (denying discharge under section 727(a)(4)(D) where debtor's failure to disclose records of timeshare interests evidenced an "attempt to continue the concealment of [his] assets."); *Piazza v. Keswani (In re Keswani)*, No. 20-01345, 2022 WL 90605, at *11 (Bankr. S.D.N.Y. Jan. 7, 2022) (granting chapter 7 trustee judgment denying discharge under section 727(a)(4)(D) where the debtor "failed to produce documents after numerous written requests from the [t]rustee and . . . failed to set forth any facts explaining her failure to comply"); *In re Erdheim*, 197 B.R. at 28-29 (granting chapter 7 trustee judgment denying discharge under section 727(a)(4)(D) where "unrebutted evidence produced by the [t]rustee demonstrates the [t]rustee's repeated attempts to obtain the necessary records from the Debtor to administer the case . . . fell on deaf ears").

The Trustee has met her burden for a default judgment on the Fourth Claim for Relief in the Complaint under section 727(a)(4)(D) of the Bankruptcy Code.

Fifth Claim for Relief - Section 727(a)(5)

Section 727(a)(5) bars the discharge of a debtor who "has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities."  11 U.S.C. § 727(a)(5).

17

"The purpose of section 727(a)(5) is to prevent the abuse of the bankruptcy process by the debtor 'obfuscating the true nature of [the debtor's] affairs, and then refusing to provide a credible explanation.'" *In re Robinson*, 595 B.R. at 161 (alteration in original) (quoting *In re Johnson*, 98 B.R. 359, 366 (Bankr. N.D. Ill. 1988)).  This provision contains no intent requirement and creates a two-part burden-shifting analysis.  *In re Cacioli,* 463 F.3d at 238.  First, a plaintiff must show a loss or deficiency of assets.  *Id.*  Once the plaintiff makes this showing, the debtor must explain the whereabouts of the assets.  *Id.*

"Section 727(a)(5) is broadly drawn and clearly gives a court broad power to decline to grant a discharge in bankruptcy where the debtor does not adequately explain a shortage, loss or disappearance of assets."  *First Federated Life Ins. v. Martin (In re Martin)*, 698 F.2d 883, 886 (7th Cir. 1983).  To state a claim for relief under this section, the Trustee must allege facts demonstrating that "that the debtor no longer has assets which the debtor previously owned and that the debtor has failed to explain the loss." *Riumbau v. Colodner (In re Colodner)*, 147 B.R. 90, 94 (Bankr. S.D.N.Y. 1992) (dismissing a complaint that failed to "allege the diminution or loss of any of the debtor's assets or that the debtor has failed to give a satisfactory explanation for the deficiency or loss of any of his assets"); *see also In re Gardner*, 384 B.R. at 663 ("Under § 727(a)(5), a prima facie case requires the plaintiff to produce some evidence of the disappearance of substantial assets."); *HSBC Bank USA v. Handel (In re Handel)*, 266 B.R. 585, 590 (Bankr. S.D.N.Y. 2001) ("This section is given broad interpretation and can include any unexplained disappearance or shortage of assets."); *Minsky v. Silverstein (In re Silverstein)*, 151 B.R. 657, 663 (Bankr. E.D.N.Y. 1993) ("The proper question the court must ask under Section 727(a)(5) is what happened to the assets, not why it happened.").

In support of this Claim for Relief, the Trustee does not allege facts demonstrating that the Debtor has not accounted for assets that he previously owned.  Rather, without identifying any of the Debtor's assets, she asserts that "[t]he Debtor has failed to explain satisfactorily the loss of asserts or deficiency of assets."  Complaint ¶ 35.  The Trustee plainly fails to meet her burden for a default judgment under the Fifth Claim for Relief in the Complaint pursuant to section 727(a)(5) of the Bankruptcy Code.

### Conclusion

Based on the foregoing, the Court awards the Trustee default judgments under the Second and Fourth Claims for Relief in the Complaint and denies the Debtor a discharge in bankruptcy under sections 727(a)(3) and 727(a)(4)(D) of the Bankruptcy Code, respectively.  The Court denies the Trustee's request for the entry of default judgments against the Debtor under the First, Third, and Fifth Claims for Relief.

The Trustee is directed to submit an Order.

Dated: New York, New York
           April 27, 2023

                                                              /s/ *James L. Garrity, Jr.*
                                                              Hon. James L. Garrity, Jr.
                                                              U.S. Bankruptcy Judge